UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH KOPPENSTEIN,

                Plaintiff,

v.

STATE OF WASHINGTON,

                Defendant.

CASE NO. 20-5384 RJB

ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant State of Washington's Motion for Summary Judgment re Plaintiff's Civil Rights Claims and for Dismissal and Remand of Pendent State Law Claims. Dkt. 23. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This cases arises from the alleged sexual harassment, abuse, and assault of the Plaintiff by former Washington State Department of Corrections ("DOC") mental health counselor Shauna Calkins while the Plaintiff was a prisoner at the Washington State Penitentiary. Dkt. 1-2. For the reasons provided below, the state's motion for summary judgment as to the federal claim should be granted, the state's motion to dismiss the negligence claim without prejudice should be

denied, and the state's motion to remand the negligence claim should be renoted to July 2, 2021 to be considered with the Plaintiff's motion for leave to amend his complaint.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Originally filed in Pierce County, Washington, Superior Court, the Plaintiff makes a claim for violation of his eighth amendment rights under the federal constitution, pursuant to 42 U.S.C. § 1983, and makes a state law claim for negligence. Dkt. 1-2. The state removed the case on March 30, 2020. Dkt. 1. The state now moves for dismissal of the Plaintiff's federal claim with prejudice arguing that the state is not a "person" for purposes of §1983 claims for damages. Dkt. 23. The state also moves to have the Court decline to exercise supplemental jurisdiction over the negligence claim and dismiss it without prejudice and remanded the claim to Pierce County Superior Court. Dkt. 29. The Plaintiff opposes the motion (Dkt. 29), the state has filed a reply (Dkt. 32), and the motion is ripe for review.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. STATE AS A PERSON UNDER 42 U.S.C. § 1983**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The state's motion for summary judgment (Dkt. 23) should be granted as to the Plaintiff's constitutional claim asserted against it pursuant to §1983. States, state agencies, and officials acting in their official capacities are not "persons" and so are not subject to a suit for monetary relief under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

The Plaintiff opposes dismissal of his federal claim against the state, arguing that the state waived its Eleventh Amendment immunity when it opted to remove the case to this Court. Dkt. 29 (*citing Lapides v. Board of Regents,* 535 U.S. 613 (2002)). In *Lapides,* the U.S. Supreme Court held that the state of Georgia waived Eleventh Amendment immunity for state law claims when it removed the case from state court to federal court. *Lapides v. Board of Regents,* 535 U.S. 613 (2002). The *Lapides* court held that no federal claim survived because the only federal claim that had been asserted was a federal claim for monetary damages under § 1983 against the state; it reaffirmed that Georgia was not a "person" for purposes of § 1983. *Id.* The Plaintiff's federal constitutional claim for damages, which is asserted pursuant to §1983, against the state should be dismissed with prejudice.

### C. SUPPLEMENTAL JURISDICTION AND NEGLIGENCE CLAIM

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of

economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

The state's motion to dismiss the negligence claim and remand it (Dkt. 23) should be denied, in part and renoted, in part. To the extent the state seeks dismissal of the state claim, without prejudice, the motion (Dkt. 23) should be denied. If the Court chooses to decline to exercise supplemental jurisdiction, the negligence claim would be remanded, not dismissed, because the case was removed from state court. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352-353 (1988)(holding that when a district court relinquishes jurisdiction over a removed case under 28 U.S.C. § 1367(c), it has "wide discretion" to remand the case).

To the extent the state seeks an order remanding the case to state court for consideration of the state law claim, the motion (Dkt. 23) should be renoted to July 2, 2021 to be considered with the Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 32). In his motion to amend his Complaint, (as is relevant here) the Plaintiff seeks to add DOC employees in their individual capacities "to properly invoke the 42 U.S.C. § 1983 action pled." Dkt. 32, at 1. The Plaintiff acknowledges that he "cannot obtain relief for his § 1983 claims without naming [them] as parties to the case." *Id.*, at 4.

At present, two of the four conditions in § 1367(c) are present. All of Plaintiff's federal claims have been dismissed by this order. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claim under § 1367(c)(3). Moreover, the remaining state claim "raise[s] novel or complex issues of state law" under § 1367(c)(1), determinations for which the state court is uniquely suited.

Although "it is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court," *Harrell v. 20th Ins. Co.,* 934 F.2d 203, 205 (9th Cir. 1991), in the interest of fairness, the parties should be given an opportunity to be heard on whether the court should decline to retain supplemental jurisdiction over the state law claim (or remand it). In the response to the motion for leave to file amended complaint, if any, and the reply, if any, the parties should address whether this Court should decline to retain supplemental jurisdiction over the state law claim if the motion to amend is not granted.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

State of Washington's Motion for Summary Judgment re Plaintiff's Civil Rights Claims and for Dismissal and Remand of Pendent State Law Claims (Dkt. 23) **IS**:

- **GRANTED** as to the Plaintiff's federal claim; the Plaintiff's federal claim **IS DISMISSED WITH PREJUDICE**; and
- **DENIED**, to the extent the state seeks dismissal, without prejudice of the Plaintiff's negligence claim, and **RENOTED** to **JULY 2, 2021** to the extent the state seeks remand of the negligence claim.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of June, 2021.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR SUMMARY JUDGMENT - 6