UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH KOPPENSTEIN,

                Plaintiff,

    v.

STATE OF WASHINGTON,

                Defendant.

CASE NO. 20-5384 RJB

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MOTION TO REMAND STATE CLAIMS

This matter comes before the Court on the Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 32) and the Defendant State of Washington's Motion to Remand Pendent State Law Claims (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

This cases arises from the alleged sexual harassment, abuse, and assault of the Plaintiff by former Washington State Department of Corrections ("DOC") mental health counselor Shauna Calkins while the Plaintiff was a prisoner at the Washington State Penitentiary ("WSP"). Dkt. 1-2. For the reasons provided below, the Plaintiffs' motion to amend (Dkt. 32) should be granted, in part, and denied, in part, and the State's motion to remand the negligence claim (Dkt. 23) should be denied without prejudice.

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MOTION TO REMAND STATE CLAIMS - 1

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Originally filed in Pierce County, Washington, Superior Court, on March 11, 2021, the Plaintiff makes a claim for violation of his eighth amendment rights under the federal constitution, pursuant to 42 U.S.C. § 1983, and makes a state law claim for negligence. Dkt. 1-2. The State removed the case on March 30, 2020. Dkt. 1. The State filed a motion for summary judgment on April 8, 2021 (Dkt. 23), which was renoted by agreement of the parties, and on June 17, 2021, the Plaintiff filed the motion to amend his complaint (Dkt. 32).

On June 21, 2021, the State's motion for summary judgment of the Plaintiff's federal claim was granted and the claim dismissed with prejudice. Dkt. 35. That Order noted that "states, state agencies, and officials acting in their official capacities are not "persons" and so are not subject to a suit for monetary relief under § 1983." *Id.* (*quoting Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)(holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983")). The State's motion to have the Court decline to exercise supplemental jurisdiction over the negligence claim and remand the claim to Pierce County Superior Court was renoted to be considered with the Plaintiff's motion to amend his complaint. *Id.*

The State opposes the Plaintiff's motion to amend (Dkt. 36) and the Plaintiff filed a reply (Dkt. 39). The Plaintiff opposes the motion to remand the case to state court (Dkt. 29). The motions are ripe for review.

*Proposed Amended Complaint*

The proposed amendment complaint makes a federal claim for violation of the Plaintiff's Eighth Amendment rights and a claim for negligence against newly named employees of DOC, in both their official and individual capacities: current and former DOC Secretaries (and

Interims and Assistants): Cheryl Strange, Stephen Sinclair, Jody Becker-Green, Julie Martin, and Robert Herzog; WSP officials: Donald Holbrook, Superintendent, Darren Chlipala, Director of Mental Health Services, Crystal Contreras, mental health staff supervisor, Eric Rainey-Gibson, psychologist (collectively "supervisors"); and against the mental health counselor accused of being in the sexual relationship with him, Shauna Calkins. Dkt. 32-1, at 3.

The proposed amended complaint maintains that prior to 2017, Calkins, while working for DOC, "groomed previous prisoners for sexual relationships and initiated sexual relationships with prisoners." Dkt. 32-1, at 6. It alleges that the "Defendants knew or should have known that Defendant Calkins was unfit to treat DOC inmates as a mental health counselor or employ DOC inmates as an employment supervisor." *Id.* It asserts that the Defendants "knew or should have known about Calkins' relationships with prisoners prior to 2017." *Id.* It maintains that in 2017, the Plaintiff was an inmate at WSP and that Calkins became his mental health counselor. *Id.* According to the proposed amended complaint, around February 2017, Calkins began grooming Plaintiff for a sexual relationship, created a job and hired Plaintiff as a "medical appointment runner," sent him secret sexually charged emails, gave him money, and eventually induced him into having sex with her in April of 2017. *Id.*, at 7-8. It alleges that the Plaintiff believed that Calkins could "influence the terms, conditions, length, or fact of his incarnation and/or correctional supervision." *Id.* It states that Plaintiff wanted to end their relationship, but did not want to jeopardize his possibility of being released early. *Id.*, at 8.

The proposed amended complaint maintains Plaintiff "endured a severe beating as a result of his inability to leave the relationship" because he refused other inmates' demands that he use Calkin to smuggle contraband into prison. *Id.* It asserts that Plaintiff was moved to Airway Heights Correctional Center around January 2018, and it was there that he asked his unit

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MOTION TO REMAND STATE CLAIMS - 3

supervisor for help getting out of the relationship with Calkins. *Id.,* at 9.

The proposed amended complaint alleges that the Defendants "knew or should have known" and "were deliberately indifferent" that Plaintiff was in a non-consensual sexual relationship with Calkins. *Id.* The proposed amended complaint asserts that the Defendants "knew or should have known . . . that Plaintiff's non-consensual sexual relationship . . . would cause Plaintiff to be beaten by other inmates." *Id.* It maintains that the Defendants were deliberately indifferent to "the risk of physical and the actual physical harm to the Plaintiff" and to the violation of his rights. *Id.*

The proposed amended complaint maintains that Calkins was terminated and prosecuted for criminal conduct. *Id.,* at 9. It seeks damages, attorneys' fees, and costs. *Id.,* at 12.

## II. DISCUSSION

### A. MOTION TO AMEND

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011). Generally, a determination on a motion for leave to amend "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The Plaintiffs' motion for leave to file an amended complaint (Dkt. 32) should be granted, in part, and denied, in part. There is no showing here of bad faith or undue delay. Any prejudice that the proposed defendants would suffer could be ameliorated with an adjustment to

the case schedule. The parties should work together to determine whether any extensions of the case schedule are necessary.

The proposed amendment as claims against Calkins should be permitted. While it is unclear whether she has received notice of the proposed amendments, no opposition from her has been filed. The State opposes allowing amendment, arguing that the addition of the current and former DOC Secretaries (Interims and Assistants) and other officials at the WSP (again referred to collectively as "supervisors"), other than Calkins, would be futile. Dkt. 36. The State indicates that it will not be defending Calkins in this case. *Id.* The State argues that the statute of limitations would bar amendment, that any claims against the supervisors in their official capacities are not viable, and that the proposed amended complaint fails to state a claim against the supervisors in their individual capacities. *Id.* Each argument will be considered in turn.

**Futility based on the Statute of Limitations**. The State maintains that amendment would be futile because it "appears that the statute of limitations expired months ago." Dkt. 36.

Claims brought pursuant to 42 U.S.C. §1983 are governed by the statute of limitations of the local jurisdiction for personal injury actions. *RK Ventures, Inc., v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2002). In Washington, personal injury actions must be brought within three years. RCW § 4.16.080(2). Accordingly, the statute of limitations applicable to Plaintiff's §1983 claims is three years. *RK Ventures,* at 1058. Tort actions, like Plaintiff's claim for negligence must be brought within three years under RCW § 4.16.080(2). The proposed amended complaint indicates that, at the latest, the affair ended when Plaintiff was transferred to a different prison sometime after January 2018. The Complaint was filed on March 11, 2020; this proposed amendment was filed on June 17, 2021. Arguably, the statute of limitations could bar amendment.

Plaintiff asserts that the proposed amended complaint relates back to the date of the original complaint and so the statute of limitations does not bar amendment. Fed. R. Civ. P. 15(c)(1) provides the standard for when an amended pleading relates back to the date of the original pleading in §1983 cases. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191 (9th Cir. 2014). Rule 15(c)(1) provides an amended pleading relates back to the date of the original pleading when:

>  (A) the law that provides the applicable statute of limitations allows relation back;
>
>  (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
>  (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Under Rule 15(c)(1)(A), the relation back rules of Washington apply if those rules are more lenient "even if the amendment would not otherwise relate back under the federal rules." *Butler,* at 1200-1203. For an amended pleading to relate back under Rule 15(c)(1)(C),

>  (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) [the party to be brought in] must or should have known that, but for a mistake concerning identity, the action would have been brought against it.

*Id.,* at 1202.

The parties have not fully briefed this issue (it was raised in the reply). Accordingly, it is not yet clear that the statute of limitations would result in the proposed amendment being futile

ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MOTION TO REMAND STATE CLAIMS - 6

or whether the proposed amendment would relate back to the date of the original Complaint. Accordingly, the Court cannot say, at this stage, that amendment would be futile based on the statute of limitations.

**Futility based on Claims Against Officials in their "Official Capacity."** The State properly points out that leave to amend the Eighth Amendment claim would be futile as against any Defendant in their "official" capacity. As noted in the June 21, 2021 order, "states, state agencies, and officials acting in their official capacities are not 'persons' and so are not subject to a suit for monetary relief under § 1983." Dkt. 35. (*quoting Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). To the extent the Plaintiff moves to amend his complaint and add claims against the proposed defendants in their "official" capacities, the amendment is futile, and so the motion to amend (Dkt. 32) should be denied to that extent.

**Futility based on Supervisors in their Individual Capacity**. The State argues that amendment of the Eighth Amendment claim to add the newly proposed defendant supervisors (which excludes Calkins), in their individual capacities, is futile because of a failure to plead sufficient facts to state a claim for relief. Dkt. 36.

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)(*internal citations and quotation marks omitted*). "[A] supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."

*Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018)(*internal quotation marks and citations omitted*).

To the extent that the Plaintiff seeks to add claims against the supervisors for their personal involvement, the motion to amend should be denied without prejudice. There is no allegation that any of the supervisors had a personal involvement in the constitutional deprivation.

To the extent that the Plaintiff seeks to add claims against the supervisors for causing the constitutional violation, the motion to amend should be granted, except as to Secretary Strange. "The requisite causal connection [between the supervisor's wrongful conduct and the constitutional violation] can be established by [the supervisor's] setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Rodriguez,* at 798 (*internal quotation marks and citations omitted*). The proposed amended complaint asserts that the supervisors knew or should have known of the non-consensual sexual relationship between the Plaintiff and Calkins and were deliberately indifferent to the violation of his Eighth Amendment rights. The State's assertion that DOC Secretary Strange was not employed by DOC until 2021 is well taken. The Plaintiff fails to respond. The motion to amend should be granted as to the other supervisors and denied as futile as to DOC Secretary Strange.

**Conclusion**. The motion for leave to amend the complaint (Dkt. 32) should be granted, in part: The proposed amendment adding claims: (1) against Calkins, except claims asserted against her in her "official capacity," and (2) against the supervisors, except Secretary Strange, in their "individual capacities" should be permitted. The motion for leave to amend the complaint (Dkt. 32) should be denied as futile as to claims asserted against: (1) all proposed defendants in

their "official capacities," and (2) Secretary Strange. The Plaintiff properly filed his proposed amended complaint with corrections underlined. Dkt. 32-1. The Plaintiff should make corrections to the proposed amended complaint, in accord with this order, and file a clean version by **July 23, 2021**. The parties should confer about the case schedule and whether extensions of time are necessary.

### B. SUPPLEMENTAL JURISDICTION AND NEGLIGENCE CLAIM

The state's motion to remand the negligence claim (Dkt. 23) should be denied without prejudice. At this stage, the Court has not "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal claims remain in the case.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 32) **IS GRANTED, IN PART AND DENIED, IN PART,** as stated herein;
- Plaintiff's clean version of the amended complaint, with corrections reflecting this Order's holdings, **IS DUE** by **July 23, 2021**; and
- State of Washington's Motion to Remand of Pendent State Law Claims (Dkt. 23) **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of July, 2021.

ROBERT J. BRYAN
United States District Judge