1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH KOPPENSTEIN,

               Plaintiff,

    v.

STATE OF WASHINGTON, et. al.,

               Defendants.

CASE NO. 20-5384 RJB

ORDER GRANTING STATE
DEFENDANTS' MOTION TO
COMPEL

     This matter comes before the Court on the Defendants State of Washington, Stephen
Sinclair, Jody Becker-Green, Julie Martin, Robert Herzog, Donald Holbrook, Darren Chlipala,
Crystal Contreras, and Eric Rainey-Gibson's (collectively "State Defendants") Motion to
Compel Discovery.  Dkt. 55.  The Court has considered the pleadings filed regarding the motion
and the file herein.

     This case arises from the alleged sexual harassment, abuse, and assault of the Plaintiff by
former Washington State Department of Corrections ("DOC") mental health counselor Shauna
Calkins while the Plaintiff was a prisoner at the Washington State Penitentiary ("WSP").  Dkt. 1-
2.  The State Defendants now move the Court for an order compelling the Plaintiff to respond to
its January 7, 2022 First Set of Interrogatories and Requests for Production.  Dkt. 55.  For the
reasons provided below, the motion should be granted.

ORDER GRANTING STATE DEFENDANTS' MOTION TO COMPEL - 1

1

## I.   <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>

2

Originally filed in Pierce County, Washington, Superior Court, on March 11, 2021, the

3   Amended Complaint makes a federal claim for violation of the Plaintiff's Eighth Amendment

4   rights and a claim for negligence.  Dkts. 1 and 42.  The case schedule has been continued three

5   times.  Dkts. 27, 47 and 57.  Trial is currently set to begin on October 24, 2022.  Dkt. 58.  The

6   discovery deadline is June 27, 2022 and dispositive motions are due by July 26, 2022.  *Id.*

7

On January 7, 2022, the State Defendants served their First Set of Interrogatories and

8   Requests for Production to Plaintiff.  Dkts. 53 and 56-1, at 2-13.  The Plaintiff's responses were

9   originally due on February 2, 2022.  The parties met and conferred by phone on February 10,

10  2022 and agreed to an extension of time to March 4, 2022.  Dkt. 53, at 2-3.

11

On February 18, 2022, Plaintiff's counsel filed a motion to withdraw from the case "out

12  of professional considerations."  Dkts. 51 and 51-1.  A motion for an extension of the remaining

13  case deadlines was also filed.  Dkt. 50.

14

The State Defendants filed their motion to compel on March 10, 2022, asserting that the

15  Plaintiff has not yet responded to their First Set of Interrogatories and Requests for Production.

16  Dkt. 55.

17

On March 14, 2022, the Plaintiff's counsel's motion to withdraw was granted as was the

18  motion for an extension of the remaining case deadlines.  Dkt. 57.  The Plaintiff was notified that

19  he is considered to be proceeding *pro se*.  *Id.*  His counsel was directed to send the Plaintiff a

20  copy of the State Defendants' motion to compel (Dkt. 55).  *Id.*

21

The motion to compel was noted for consideration on March 25, 2022.  Dkt. 55.

22

## II.   <u>DISCUSSION</u>

23

**A. MOTION TO COMPEL STANDARD**

24

Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

Rule 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

> On notice to other parties and all affected persons, a party may move for an order
> compelling disclosure or discovery. The motion must include a certification that
> the movant has in good faith conferred or attempted to confer with the person or
> party failing to make disclosure or discovery in an effort to obtain it without court
> action.

Local Rule for Western District of Washington ("Local Rule") 37(a)(1) additionally provides:

> Any motion for an order compelling disclosure or discovery must include a
> certification, in the motion or in a declaration of affidavit, that the movant has in
> good faith conferred or attempted to confer with the person or party failing to
> made disclosure or discovery in an effort to resolve the dispute without court
> action. The certification must list the date, manner, and participants to the
> conference. If the movant fails to include such a certification, the court may deny
> the motion without addressing the merits of the dispute. A good faith effort to
> confer with a party or person not making a disclosure or discovery requires a face-
> to-face meeting or a telephone conference. If the court finds that counsel for any
> party, or a party proceeding pro se, willfully refused to confer, failed to confer in
> good faith, or failed to respond on a timely basis to a request to confer, the court
> may take action as stated in CR 11 of these rules.

`

**B.  MOTION TO COMPEL RESPONSES TO STATE DEFENDANTS' DISCOVERY**

The State Defendants' motion to compel (Dkt. 55) should be granted.  The Plaintiff's former counsel and the State Defendants' counsel met and conferred by telephone about the Plaintiff's failure to respond to the State Defendants' First Set of Interrogatories and Requests for Production to Plaintiff.  The requirements of Rule 37(a)(1) and Local Rule 37(a)(1) are sufficiently met.  The Plaintiff's former lawyer was directed to send him a copy of the motion to compel.  The Plaintiff did not respond to the motion.

The motion to compel has merit.  The Plaintiff should be ordered to respond to the State Defendants' First Set of Interrogatories and Requests for Production to Plaintiff by April 18, 2022.

The State Defendants indicate that they are not requesting sanctions at this time.  Plaintiff should be aware that a failure to follow this order may result in an imposition of sanctions under Fed. R. Civ. P. 37(d).

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- The State Defendants' Motion to Compel Discovery (Dkt. 55) **IS GRANTED;**

- The Plaintiff **SHALL** respond to the State Defendants' First Set of Interrogatories and Requests for Production to Plaintiff by **April 18, 2022**.

The Clerk is further directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of March, 2022.

ROBERT J. BRYAN
United States District Judge